UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERALD JAY FELDT,

    Plaintiff,

v.                                                            CASE NO. 6:06-cv-744-Orl-31DAB

SHERIFF DONALD F. ESLINGER, et al.,

    Defendants.

_____

**ORDER**

This case is before the Court on the following matters:

1.     Plaintiff, an inmate of the Florida penal system proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2, filed May 31, 2006).[1] Because Plaintiff has failed to set forth his claim adequately, he will be required to submit an **amended complaint.**

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section

---

[1] Plaintiff originally filed the complaint in this action as a second amended complaint in another section 1983 action, Case No. 6:06-cv-501-Orl-31KRS, which is currently pending. (*See* Case No. 6:06-cv-501-Orl-31KRS, Doc. No. 18). Upon Plaintiff's motion, the Court in that case directed the Clerk to file the second amended complaint as a new and separate case. (*See* Case No. 6:06-cv-501-Orl-31KRS, Doc. Nos. 20, 26).

entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

In addition, Plaintiff should be aware that 42 U.S.C. § 1997e(a) and (e) contain several conditions that a prisoner must satisfy before pursuing a civil rights complaint. Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions. Subsection (e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody. Plaintiff must comply with the requirements of those subsections.

Most importantly, if Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u>

related to the same basic issue or incident, then each claim must be addressed in a separate complaint.² In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint in this action by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The **Clerk** is directed to send Plaintiff a **civil rights complaint form** on which Plaintiff is to amend his complaint. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a copy for each defendant.

Plaintiff shall amend his complaint as described above **within twenty (20) days** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice**.

2. Plaintiff's Motion to Log Evidence into Complaints to Support Statements of Facts (Doc. No. 3, filed June 1, 2006) is **DENIED**. Plaintiff may include in his amended complaint any of the allegations contained in the exhibit attached to the motion if the assertions contained in the exhibit are relevant to Plaintiff's claim(s).

---

[1] Among the unrelated claims raised in the current complaint are claims based on jail conditions, food quality, law library access, and inadequate medical treatment. (*See* Doc. No. 2 at 8-10).

3. Plaintiff's Motion For Court to Submit a Copy of Letter To Internal Affairs of Seminole County Sheriff's Office to be Submitted as Evidence to Case(s) to Support Claim (Doc. No. 4, filed June 1, 2006) is **DENIED**. Plaintiff may include in the amended complaint any assertions contained in the exhibit attached to the motion if the assertions contained in the exhibit are relevant to Plaintiff's claim(s).

4. Plaintiff's Motion for Court to Explain to Plaintiff How Above Case was Filed Stemming from an Amended Complaint (Doc. No. 6, filed June 12, 2006) is **GRANTED**. In the motion, Plaintiff requests that the Court explain why this case is docketed as a petition for habeas corpus relief pursuant to 28 U.S.C.§ 2254 when it is a case raised pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 6 at 1). Plaintiff's complaint was inadvertently docketed as a petition for habeas corpus relief. The **Clerk** is directed to **reclassify** the instant action on the docket as one raised pursuant to 42 U.S.C. § 1983.

5. Plaintiff's Motion for Court for Order to Show Cause (Doc. No. 7, filed June 13, 2006) is **DENIED**. The allegations contained in the motion seemingly do not relate to those alleged in the complaint. (*See* Doc. No. 7 at 1). Moreover, as discussed *supra*, Plaintiff must file an amended complaint. To the extent that Plaintiff intends to initiate an action based on the allegations contained in the motion seeking a show cause order and to the extent that the allegations do not relate to the claim(s) Plaintiff includes in the amended complaint, Plaintiff should initiate a <u>separate</u> proceeding in the appropriate Court having jurisdiction over these matters.

6. Plaintiff's Motion for Court to Take Immediate Action against John E. Polk Correctional Facility (Doc. No. 8, filed June 13, 2006) is **DENIED**. The allegations contained in the motion seemingly do not relate to those alleged in the complaint. (*See* Doc. No. 8 at 1-2).

Moreover, as discussed *supra*, Plaintiff must file an amended complaint. To the extent that Plaintiff intends to initiate an action based on the allegations contained in the motion requesting the Court to take immediate action and to the extent that the allegations do not relate to the claim(s) Plaintiff includes in his amended complaint, Plaintiff should initiate a separate proceeding in the appropriate Court having jurisdiction over these matters.

7.   Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Plaintiff must file a separate notice in each case that he has pending before the Court. The failure to inform the Court of an address change may result in the dismissal of this case, without further notice of the Court.

8.   Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters.

9.   Plaintiff should not attempt to correspond directly with a district judge or magistrate judge. They will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

**DONE AND ORDERED** at Orlando, Florida, this 19th day of June, 2006.

Copies to:
sc 6/19
Jerald Jay Feldt

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE